1  Michael E. Brewer (State Bar No. 177912)
      michael.brewer@bakermckenzie.com
2  **BAKER & McKENZIE LLP**
   Two Embarcadero Center, 11th Floor
3  San Francisco, California 94111
   Telephone:  + 1 415 576 3000
4  Facsimile:   + 1 415 576 3099

5  Attorneys for Defendant
   DELIV, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  RAEF LAWSON, individually and on behalf of       Case No. 3:18-cv-3632
    all other similarly situated,
12                                                    *Removed from the California Superior*
                      Plaintiff,                      *Court, County of San Francisco*
13                                                    *Case No. CGC-18-566577*
            v.
14                                                    **Date of Filing of Action in the Superior**
    DELIV, INC.,                                      **Court: May 15, 2018**
15
                      Defendant.                      **DEFENDANT DELIV, INC.'S NOTICE**
16                                                    **OF REMOVAL OF ACTION FROM**
                                                      **STATE COURT**
17
                                                      **[28 U.S.C. §§ 1332, 1441, 1446 and Fed.**
18                                                    **R. Civ. P. 81(c)]**

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+ 1 415 576 3000

Case No. 3:18-cv-3632
NOTICE OF REMOVAL OF ACTION FROM STATE COURT

1    TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF AND HIS

2    COUNSEL OF RECORD:

3        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453 and Fed. R.

4    Civ. P. 81(c), Defendant Deliv, Inc. ("Deliv" or "Defendant"), hereby removes to the United States

5    District Court for the Northern District of California the above-captioned state court action,

6    originally filed as Case No. CGC-18-566577 in the Superior Court of the State of California for the

7    County of San Francisco. As set forth below, removal is proper based on diversity of citizenship

8    jurisdiction and the Class Action Fairness Act of 2005 ("CAFA").

9    **I.       TIMELINESS OF REMOVAL**

10       1.      On May 15, 2018, Plaintiff Raef Lawson ("Plaintiff") filed a class action complaint

11   ("Complaint") against Deliv in the Superior Court of California, County of San Francisco, Case No.

12   CGC-18-566577. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Docket Sheet,

13   Summons, Complaint, Civil Case Cover Sheet, and Plaintiff's Proof of Service, are attached as

14   Exhibits A-E to the Declaration of Michael Brewer ("Brewer Decl.") filed concurrently herewith.

15       2.      Plaintiff served Deliv with the Summons and Complaint on May 17, 2018. *See*

16   Brewer Decl. Ex. B-C. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it

17   is filed within 30 days after service was completed. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v.*

18   *Michetti Pip Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty-day deadline to

19   remove commences upon service of the summons and complaint).

20   **II.      SUMMARY OF PLAINTIFF'S ALLEGATIONS AND GROUNDS FOR REMOVAL**

21       3.      Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has

22   subject matter jurisdiction over this action and all claims asserted against Deliv pursuant to the Class

23   Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

24       4.      CAFA applies "to any class action before or after the entry of a class certification

25   order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class

26   action" under CAFA because it was brought under a state statute or rule, namely California Code of

27   Civil Procedure § 382, authorizing an action to be brought by one or more representative persons as

28   a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Compl. at ¶ 19.

5.      To wit, Plaintiff alleges in the Complaint that he "brings this class action pursuant to California Code of Civil Procedure § 382 on behalf of all Deliv couriers who have worked for Deliv in California."  Compl. at ¶ 19.[1]

6.      Plaintiff's Complaint alleges violations of (i) California Labor Code ("Labor Code") §§ 2802, 226.8, 1197, and 1194, (ii) the California's Unfair Competition Law ("UCL"); and (iii) the California Private Attorneys General Act ("PAGA"), based on alleged misclassification of Deliv Delivery Specialists as independent contractors.  *See* Compl. at ¶¶ 32–39.

7.      Plaintiff seeks declaratory relief, PAGA penalties, "compensatory damages, including all expenses and wages owed," "pre- and post-judgment interest," "attorneys' fees, costs, and expenses," and "[i]njunctive relief in the form of an order requiring Defendant to comply with the California Labor Code."  Compl. at Request for Relief.

8.      Under CAFA, federal courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; the putative class action contains at least 100 members; and any member of the putative class is a citizen of a state different from that of any defendant.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

9.      Deliv denies any liability as to Plaintiff's individual claims and as to the claims of the putative class members.  Deliv expressly reserves all of its rights, including, but not limited to, its right to file motions to compel arbitration and motions challenging the pleadings.  For purposes of meeting the jurisdictional requirements for removal only, however, Deliv submits on a good-faith basis that this action satisfies all requirements for federal jurisdiction under CAFA.  Specifically, as set forth below, the allegations in the Complaint identify a putative class of more than 100 members, establish the minimum diversity of citizenship required under CAFA, and put in controversy more than $5 million in the aggregate for the entire class, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

///

---

[1]  In this Notice of Removal, Deliv hereinafter refers to the Deliv couriers that Plaintiff seeks to represent in his putative class as "Delivery Specialists."

2

**A.      The Putative Class Consists Of More Than 100 Members**

10.     Plaintiff's putative class encompasses "all Deliv [Delivery Specialists] who have worked for Deliv in California."  Compl. ¶ 19.  Plaintiff's Complaint explains that this putative class encompasses independent contractors who have been engaged by Deliv as Delivery Specialists to complete deliveries for its customers, even though Delivery Specialists do not "work" for Deliv, because Plaintiff contends the Delivery Specialists should be classified as Deliv employees.  Compl. at ¶¶ 10, 16, 18, 20.  Deliv has a good-faith basis to believe, and on that basis avers, that during the period of May 15, 2014 to the present, there are at least 2,300 individuals who have engaged with Deliv to perform deliveries and who performed at least one delivery in California.  *See* Declaration of Benjamin Michael McIlvain ("McIlvain Decl.") at ¶ 5.[2]  Accordingly, while Deliv denies that class treatment is permissible or appropriate, based on the Complaint allegations, the proposed class plainly consists of more than 100 members.

**B.      The Amount Placed in Controversy Exceeds $5 Million**

11.     Although Deliv denies that Plaintiff's claims have any merit and disputes that Plaintiff is entitled to any of the sums sought in the Complaint, Deliv avers, for the purposes of meeting the jurisdictional requirements for removal only, that Plaintiff's requested monetary recovery easily exceeds $5 million.

12.     Plaintiff's allegations — if accepted — would place in excess of $5 million in controversy, exclusive of interest and costs.  *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) ("In determining the amount [in controversy], we first look to the complaint.").  As demonstrated below, the $5 million threshold is easily met by considering Plaintiff's claims and damages theories.

13.     <u>Misclassification Penalties</u>.  Plaintiff brings a claim for "willful misclassification" under Labor Code § 226.8.  Compl. at ¶ 33.  Specifically, Plaintiff alleges that "Deliv's conduct . . . in continuing to classify [Delivery Specialists] as independent contractors . . . constitutes willful misclassification."  *Id.*

---

[2] The Notice of Removal "need not contain evidentiary submissions," and Deliv reserves its right to submit additional evidentiary support in the event that Plaintiff moves for remand.  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014).

14.     Labor Code § 226.8(b) provides for a penalty of five thousand dollars ($5,000) to fifteen thousand dollars ($15,000) for each violation of the statute.  Additionally, Labor Code§ 226.8(c) provides for a penalty of ten thousand dollars ($10,000) to twenty-five thousand dollars ($25,000) for each violation when the employer "has engaged . . . in a pattern or practice of these violations," as Plaintiff has alleged.  *Id.*

15.     Deliv denies that classifying Plaintiff or any putative class member as an independent contractor was willful or improper.  Deliv further denies that it has violated Labor Code § 226.8 in any matter, including as a matter of "pattern or practice."  But, applying Labor Code § 226.8's penalties[3] to Plaintiff's claims — for the purposes of meeting the jurisdictional requirements for removal *only* — puts between **$5 million** to **$25 million** at issue.  McIlvain Decl. at ¶ 5.  This alone satisfies the $5 million threshold for CAFA.

16.     <u>Mileage Expenses</u>.  Plaintiff next brings a claim under California Labor Code § 2802 for "Expense Reimbursement," and alleges that "Deliv [Delivery Specialists] are required to bear many of the expenses of their employment, including expenses to own or maintain their vehicles, gas, [and] insurance."  Compl. at ¶¶ 16, 32.  Plaintiff's claims for reimbursement for mileage expenses alone puts at least an additional $1 million in controversy.

17.     The Internal Revenue Service's current standard mileage rate used to calculate the deductible costs of operating an automobile for business purposes is 54.5 cents per mile.  *See 2018 Standard Mileage Rates*, Internal Revenue Service, https://www.irs.gov/pub/irs-drop/n-18-03.pdf.

18.     Deliv has a good-faith basis to believe, and on that basis avers, that during the period of April 2016 to the present *alone*, the aggregate number of miles driven by Delivery Specialists in California as part of Deliv's delivery services, far exceeds two million miles.  McIlvain Decl. at ¶ 6.

19.     Deliv denies that Plaintiff or any putative class member is entitled to reimbursement for any mileage expenses.  Deliv further denies that the Internal Revenue Service's standard mileage rates provide the appropriate metrics for determining the amount or size of reimbursements under California Labor Code § 2802.  But, applying the current Internal Revenue Service reimbursement

---

[3] Throughout this brief, Deliv applies the one-year statute of limitations for penalties as set forth in California Code of Civil Procedure § 340.

rate — for the purposes of meeting the jurisdictional requirements for removal *only* — the amount placed in controversy by the class allegations concerning mileage-related expenses totals at least **$1 million**.  McIlvain Decl. at ¶¶ 5-6.

20.  <u>Cell Phone Expenses</u>.  Plaintiff brings a claim under California Labor Code § 2802 for "Expense Reimbursement" for "expenses associated with running Deliv's mobile application, including phones and data plans."  Compl. at ¶¶ 16, 32.  Plaintiff's claims for reimbursement for cell phone expenses alone puts at least an additional **$188,991** in controversy.

21.  In 2015, the United States Department of Labor completed its Consumer Expenditure Survey, which provides information on the buying habits of American consumers, including data on their expenditures, income, and consumer unit (families and single consumers) characteristics.  *See* Consumer Expenditure Survey, Bureau of Labor Statistics, http://www.bls.gov/cex/#tables.  The survey data is collected for the Bureau of Labor Statistics by the U.S. Census Bureau.  *Id.*  For the West region, which includes California, the United States Department of Labor found that consumer units had a mean annual expenditure on "Cellular phone service" of $1,010, which translates to $19.42 per week.  *See id.*  Each consumer unit on average consists of 2.6 individuals.  *Id.*  Dividing the average weekly expenditure on "Cellular phone service" by 2.6 to reach the cost of the individual weekly expenditures attributable to each putative class member results in individual weekly expenditures of $7.47.

22.  Deliv denies that Plaintiff or any putative class member is entitled to reimbursement for any cell phone expenses.  Deliv further denies that the Consumer Expenditure Survey's annual expenditures for cell phone service provide the appropriate metrics for determining the amount or size of reimbursements under California Labor Code § 2802.  But, applying the rate put forth by the Consumer Expenditure Survey — for the purposes of meeting the jurisdictional requirements for removal *only* — the amount placed in controversy by the class allegations concerning cell phone-related expenses totals at least **$188,991**.  McIlvain Decl. at ¶¶ 5, 6.

23.  <u>Minimum Wage Penalties</u>.  Plaintiff also asserts that Deliv "fail[ed]" to pay its employees minimum wage for all hours worked," in violation of Labor Code §§ 1194 and 1197.  Compl. at ¶ 34.  Labor Code § 1197.1 provides for a penalty of one hundred dollars ($100) per

5

employee per initial violation and two hundred fifty dollars ($250) per employee for each subsequent violation plus an amount sufficient to recover underpaid wages, liquidated damages pursuant to Labor Code § 1194.2, and any applicable penalties imposed pursuant to Labor Code § 203.

24.     Deliv denies that it failed to pay Plaintiff or any putative class member any wages due and that it violated Labor Code §§ 1194 or 1197 in any manner whatsoever.  Nevertheless, applying Labor Code § 1197.1's penalties to Plaintiff's claims   — for the purposes of meeting the jurisdictional requirements for removal *only* — puts approximately **$3.1 million** at issue.  McIlvain Decl. at ¶ 6.

25.     PAGA Penalties.  Plaintiff also asserts that he is entitled to recover, "on behalf of the State of California, as well as himself and all other current and former aggrieved employees of Deliv who have worked in California, the civil penalties provided by PAGA."  Compl. ¶ 36.  *See, e.g., Stafford v. Brinks, Inc.*, 2014 U.S. Dist. LEXIS 184700, at \*25 (C.D. Cal. May 28, 2014) ("PAGA claims are 'claims of individual class members' subject to aggregation under CAFA.").

26.     As set forth in the PAGA statute, an aggrieved employee is entitled to recover a civil penalty, for each Labor Code violation, a sum of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.  *See* Labor Code § 2699(f)(2).  Plaintiff's alleged PAGA penalties further increase the amount in controversy.

27.     Attorneys' Fees.  Plaintiff also seeks "attorneys' fees, costs and expenses incurred in bringing this action." Compl. at ¶¶ 35- 36; Request for Relief.  It is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S. Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts).  The attorneys' fees benchmark in the Ninth Circuit is 25%. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent." (citation omitted)); *Lo v. Oxnard Euro. Motors, LLC*, 2012 US. Dist. LEXIS 73983, \*8-9 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees

6

awards a twenty-five percent of the common fund recovery.")

28.     Deliv denies that any such attorneys' fees are owed to Plaintiff or the putative class and reserves the right to contest the application of the 25% benchmark in this case.  But, for purposes of this jurisdictional analysis *only*, Deliv relies on Plaintiff's allegations that attorneys' fees are owed.  Applying the 25% benchmark to the allegations in the Complaint, Plaintiff's request for attorneys' fees places at least an additional **$2.3 million** in controversy.

29.     For the foregoing reasons, this action meets the jurisdictional minimum amount in controversy.  *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee*, 135 S. Ct. at 554) ("'[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions."); *Lewis*, 627 F.3d at 401 (citing *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)) ("[O]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (emphasis added).

**C.     Minimal Diversity Exists Because The Putative Class Includes Non-California Citizens**

30.     The minimum diversity of citizenship criterion under CAFA is met if the plaintiff or "any member" of the putative class "is a citizen of a State different from any defendant."  28 U.S.C.§ 1332(d)(2)(A).

31.     Plaintiff alleges that he is a resident of Los Angeles, California and that Deliv "is headquartered in Menlo Park, California."  Compl. at ¶¶ 3–5.  Plaintiff seeks to represent a class of "all other individuals who have worked as Deliv [Delivery Specialists] in California," without regard to citizenship.  *Id.* at ¶ 4.  Deliv avers, for the purposes of removal only, that the putative class includes individuals who are citizens of other states.

32.     Because the putative class purports to encompass anyone who worked in California, common sense dictates that the putative class includes people who are not citizens of California.  *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1279 (9th Cir. 2017) (proposed class of "California merchants" included merchants that were not California citizens); *Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017) (proposed class of people who made certain phone calls in

7

California "[b]y its terms . . . includes individuals who were physically located in, but were no residents of, California"); *In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010) (proposed class of state "residents" includes temporary residents like "college students" who are citizens of "other states"); *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (state "residents" are not state "citizens" under CAFA).

33.    Deliv avers, for the purposes of removal, that many Delivery Specialists who have performed deliveries in California are not citizens of this State.  Such Delivery Specialists include college and graduate students who are citizens of other States, those who have moved out of State, those who stay in California only seasonally, and others whose permanent citizenship is outside of California.

34.    In fact, in 2017 and 2018 *alone*, at least seven (7) Delivery Specialists who performed deliveries for Deliv in California requested to relocate to another state — including Nevada, North Carolina, Texas, and Washington D.C. — and to perform Deliv deliveries there.  McIlvain Decl. at ¶ 4.  And as Plaintiff alleges in his Complaint, Deliv "[does] business across the United States."  Compl. at ¶ 5.

35.    "Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant."  *Broadway Grill*, 856 F.3d at 1276.  "Since many [residents] are not citizens of California, th[is] requirement [is] met."  *Id.*

36.    Because Deliv has met its "initial burden of establishing federal jurisdiction under § 1332(d)(2)," the action is removable.  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007); 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

## III.    THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

37.    Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

(a) this is a civil action that is a class action within the meaning of § 1332(d)(1)(B);

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(b) this action involves a putative class of more than 100 persons as required by § 1332(d)(5)(B);

(c) the amount in controversy exceeds $5 million, exclusive of interest and costs as required by § 1332(d)(2); and

(d) a member of the putative class is a citizen of a state different from Deliv as required by § 1332(d)(2)(A).

38.     Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

39.     The United States District Court for the Northern District of California, San Francisco Division, is the appropriate venue for removal pursuant to 28 U.S.C. §1441(a) because it embraces the place where Plaintiff originally filed the case, in the Superior Court of San Francisco County. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a).

40.     In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendant are attached as Exhibits A-E to the Declaration of Michael Brewer filed concurrently herewith.

41.     Upon filing the Notice of Removal, Deliv will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Superior Court of San Francisco County, pursuant to 28 U.S.C. § 1446(d).

42.     WHEREFORE, Deliv hereby removes to the Court the above action pending against it in the Superior Court of California, San Francisco County.

Dated:  June 18, 2018                                   **BAKER & McKENZIE LLP**


By:  */s/ Michael E. Brewer*
              Michael E. Brewer
              Attorneys for Defendant
              DELIV, INC.

9