SHANNON LISS-RIORDAN (SBN 310719)
sliss@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

*Attorney for Plaintiffs Raef Lawson and Joshua Albert,
on behalf of themselves and all others similarly situated*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAEF LAWSON AND JOSHUA ALBERT, individually and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DELIV, INC. <br><br> Defendant | Case No.3:18-cv-3632-VC <br><br> **SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT** <br><br> 1. FAILURE TO REIMBURSE FOR BUSINESS EXPENSES (CAL. LAB. CODE § 2802) <br> 2. WILLFUL MISCLASSIFICATION (CAL. LAB. CODE § 226.8) <br> 3. MINIMUM WAGE (CAL. LAB. CODE §§ 1194, 1197) <br> 4. OVERTIME (CAL. LAB. CODE §§ 510, 554, 1198) <br> 5. UNLAWFUL DEDUCTIONS (CAL. LAB. CODE §§ 221, 224) <br> 6. UNLAWFUL AND/OR UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE §§17200-17208) <br> 7. PRIVATE ATTORNEY GENERAL ACT PAGA) CLAIM FOR CIVIL PENALTIES (CAL. LAB. CODE §2698 *et seq.*) |

## I. INTRODUCTION

1. This case is brought on behalf of individuals who have worked as delivery couriers for Deliv, Inc. ("Deliv") in California. Deliv is a same day delivery service that provides delivery couriers, who can be hailed and dispatched through its website, to provide same day deliveries for both businesses and consumers.

2. As described further below, Deliv has misclassified Plaintiffs and other similarly situated delivery couriers as independent contractors and, in so doing, has violated various provisions of the California Labor Code, including: (1) Cal. Labor Code § 2802 by requiring couriers to pay various expenses that should have been borne by the employer such as car maintenance, gas, phone, and data plans; (2) Cal. Lab. Code § 226.8 by willfully misclassifying its delivery couriers as independent contractors; (3) Cal. Lab. Code §§ 1197 and 1194 by failing to pay minimum wage; (4) Cal. Lab. Code §§ 510, 554, and 1198 by failing to pay the appropriate overtime premium for all hours worked beyond eight per day and forty per week; and (5) unlawful deductions for deducting the cost of mandatory background checks from delivery couriers' pay. Furthermore, on behalf of the State of California, Plaintiffs seek recovery of all penalties that may be imposed against Defendant under the Private Attorney General Act ("PAGA"), Cal. Lab. Code §2699, *et seq.*, for these violations.

## II. PARTIES

3. Plaintiff Raef Lawson is an adult resident of Los Angeles, California, where he worked as a Deliv courier in spring 2017.

4. Plaintiff Joshua Albert is an adult resident of Los Angeles, California, where he has worked as a Deliv courier since late July 2018.

5. The above-named plaintiffs have brought this action on their own behalf and on behalf of all others similarly situated, namely all other individuals who have worked as Deliv couriers in California.

6. Defendant Deliv, Inc. is a Delaware corporation, headquartered in Menlo, Park, California, and doing business across the United States, including in California.

## III. JURISDICTION

7. According to the Notice of Removal filed by Defendant Deliv, this Court has jurisdiction over Plaintiffs' claims pursuant to pursuant to 28 U.S.C. §§ 1332(d), the Class Action Fairness Act ("CAFA"), because there are at least 100 members of the class, minimal diversity exists, and the amount in controversy exceeds $5 million.

## IV. STATEMENT OF FACTS

8. Deliv provides same-day delivery service in cities throughout the country via an on-demand dispatch system.

9. Deliv holds itself out to the public as a same-day delivery service, stating on its website that "Deliv provides a new last mile delivery solution" and boasts that "We currently offer same day delivery services in 35 markets." Its tagline is "Happiness. Delivered." In answer to the frequently asked question, "What is Deliv?" its website states: "Deliv is a same day delivery service revolutionizing how online and in store customers get their goods."

10. Deliv engages delivery couriers to complete deliveries for its customers. Deliv is in the business of providing same day delivery service to customers, and that is the service that Deliv delivery couriers provide. The couriers' services are fully integrated into Deliv's business, and without these workers, Deliv's business would not function and could not exist.

11. Deliv couriers are not typically engaged in their own courier business. When delivering for Deliv customers, they wear the "hat" of Deliv.

12. Deliv also requires its couriers to abide by a litany of policies and rules designed to control the couriers' work performance. Deliv both retains the right to, and does in fact exercise, control over the couriers' work.

13. Deliv screens its couriers and requires that they submit to a background check and interview and provide proof of their driving history and acceptable vehicle.

14. Delivery couriers submit their availability to Deliv and are assigned shifts during which they make deliveries. Deliv requires drivers to provide services during scheduled shifts, and drivers can be terminated if they fail to work during their scheduled shifts or fail to cancel with sufficient notice. Deliveries are assigned by Deliv in its discretion. Deliv solicits customer ratings of its delivery couriers and utilizes those ratings to decide which delivery workers will receive preference for deliveries.

15. Likewise, Deliv communicates directly with customers about its delivery workers' performance and frequently follows up with its delivery workers about deliveries if the customer complains that something was not delivered, was damaged, or otherwise failed to meet their expectations. Based on any customer feedback, Deliv may suspend or terminate couriers at its sole discretion.

16. Based on their misclassification as independent contractors, Deliv couriers are required to bear many of the expenses of their employment, including expenses to own or maintain their vehicles, gas, insurance, as well the expenses associated with running Deliv's mobile application, including phones and data plans. California law requires employers to reimburse employees for such expenses, which are for the benefit of the employer and are necessary for the employees to perform their jobs.

17. Deliv fails to ensure that its couriers receive the applicable state minimum wage for all hours worked. For example, during the week of March 13-19, 2017, Plaintiff Lawson worked three shifts of three hours each for a total of nine hours. During that timeframe, he was paid a total of $93.45. However, after accounting for his mileage expenses at the IRS rate and after accounting for a $19 deduction from his pay for his background check, Mr. Lawson was left with an hourly rate of approximately $9.75 per hour, which is below the state minimum wage of

$10.50 per hour at the time. His hourly rate would be even lower if telephone and data expenses were taken into account. Similarly, during the week of July 23-29, 2018, Plaintiff Albert was paid a total of $92.33 for six hours of work; however, after accounting for his mileage expenses at the IRS rate and a $19 deduction from his pay for his background check, his hourly rate was approximately $8.80, which is well below the state minimum wage of $11 per hour. His hourly rate would be even lower if telephone and data expenses were taken into account.

18. Deliv has also failed to ensure that its couriers receive the applicable overtime premium for all hours worked beyond eight per day and forty per week. For example, on August 2, 2018, Plaintiff Albert worked for ten hours, but he did not receive time-and-a-half his regular rate of pay for the additional two hours he spent working beyond eight hours that day.

19. Furthermore, Deliv has taken improper deductions from couriers' pay. Specifically, Deliv has taken $19 out of the first two paychecks of its delivery couriers, thereby requiring its couriers to cover the cost of mandatory background checks out of their wages.

20. On April 30, 2018, the California Supreme Court issued its decision in Dynamex Operations W., Inc. v. Superior Court, No. S222732, 2018 WL 1999120 (Cal. Apr. 30, 2018), which makes clear that Deliv couriers should be classified as employees rather than as independent contractors under California law for purposes of wage-and-hour statutes like the ones at issue here. Under the "ABC" test adopted in Dynamex, in order to justify classifying the drivers as independent contractors, Deliv would have to prove that its couriers perform services outside its usual course of business, which it cannot do. Notwithstanding this decision, Deliv has willfully continued to misclassify its couriers as independent contractors.

## V.   CLASS ACTION ALLEGATIONS

21. Plaintiffs Raef Lawson and Joshua Albert bring this class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all Deliv couriers who have worked for Deliv in California.

22. Plaintiffs and other class members have uniformly been classified as independent contractors, deprived reimbursement of their necessary business expenditures, and have been paid under a system that does not ensure they receive minimum wage.

23. The members of the class are so numerous that joinder of all class members is impracticable.

24. Common questions of law and fact regarding Deliv's conduct in classifying delivery couriers as independent contractors, failing to reimburse them for business expenditures, and failing to ensure they are paid at least minimum wage for all hours worked, exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

> a. Whether the work performed by class members—providing courier service to customers—is within Deliv's usual course of business, and whether such service is fully integrated into Deliv's business;
>
> b. Whether class members are typically engaged in their own delivery businesses or whether they wear the "hat" of Deliv when performing delivery services;
>
> c. Whether class members have been required to follow uniform procedures and policies regarding their work for Deliv;
>
> d. Whether these class members have been required to bear the expenses of their employment, such as expenses for owning or leasing and maintaining their vehicles, including expenses for gas, insurance, phone and data plan.

25. Named Plaintiffs Raef Lawson and Joshua Albert are class members who suffered damages as a result of Defendant's conduct and actions alleged herein.

26. The named plaintiffs' claims are typical of the claims of the class, and the named plaintiffs have the same interests as the other members of the class.

27. The named plaintiffs will fairly and adequately represent and protect the interests of the class. The named plaintiffs have retained able counsel experienced in class action litigation. The interests of the named plaintiffs are coincident with, and not antagonistic to, the interests of the other class members.

28. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## VI. PAGA REPRESENTATIVE ACTION ALLEGATIONS

31. On April 10, 2017, Plaintiff Lawson gave written notice of Deliv's violations of various provisions of the California Labor Code as alleged in this complaint to Deliv via certified mail and to the Labor and Workforce Development Agency ("LWDA") through its website's online filing system.  More than sixty-five days have lapsed since the LWDA was notified of the Labor Code violations asserted in this Complaint by Mr. Lawson, and the LWDA has not provided any notice that it will or will not investigate the alleged violations. See Cal. Lab. Code § 2699.3(a)(2)(A).

32. Mr. Lawson sent an amended PAGA letter to the LWDA through its website's online filing system on July 25, 2018, with a copy to Deliv's general counsel via certified mail, including additional allegations for willful misclassification and unlawful deductions.  Among other things, this amended letter explained:

> Under the "ABC" test adopted in Dynamex, in order to justify classifying drivers as independent contractors, Deliv would have to prove that its couriers perform services outside its usual course of business, which it cannot do. Likewise, Deliv could not satisfy its burden to prove that delivery drivers have been customarily engaged in an independently established trade, occupation or, business of the same nature as the work they performed for Deliv. Additionally, Deliv could not satisfy its burden to demonstrate that delivery drivers have been free from Deliv's control and direction, both under the contract and in fact. Notwithstanding this decision, Deliv has willfully continued to misclassify its delivery drivers as independent contractors.

33. Sixty-five days will have elapsed from the date this amended letter was sent as of September 28, 2018.[1]

---

[1]   Although Plaintiff Lawson himself worked for Deliv before the Dynamex decision was issued in spring 2018, he has standing to bring a willful misclassification claim premised on Dynamex on behalf of other drivers (i.e. even if he himself was not a victim of the "willful" misclassification). Huff v. Securitas Security Servs. USA, Inc., 23 Cal.App.5th 745, 757 (2018).

34. On August 14, 2018, Plaintiff Albert also gave written notice of Deliv's violations of various provisions of the California Labor Code as alleged in this complaint (including allegations for willful misclassification) to Deliv via certified mail and to the LWDA through its website's online filing system.  Sixty-five days will have elapsed from the date this letter was sent as of October 18, 2018.[2]

35. Plaintiff Albert also filed an amended PAGA letter with the LWDA through its website's online filing system on September 10, 2018, with a copy to Deliv's general counsel via certified mail, adding allegations that Deliv has violated the overtime laws, Cal. Lab. Code §§ 510, 554, and 1198.  Sixty-five days will have elapsed from the date this letter was sent as of November 14, 2018.

36. Plaintiffs allege that Deliv violated PAGA in the following ways: (1) failure to reimburse its couriers for all necessary expenditures incurred in performing their duties, including but not limited to owning or leasing and maintaining their vehicles, fuel, phones, and data, in violation of Labor Code § 2802; (2) willful misclassification of delivery couriers as independent contractors in violation of Labor Code § 226.8; (3) failure to assure that its delivery workers receive minimum wage for all hours worked in violation of Cal. Lab. Code §§ 1197 and 1194; (4) failure to assure that its delivery couriers receive the appropriate overtime premium for all hours worked beyond eight per day and forty per week in violation of Cal. Lab. Code §§ 510, 554, and 1198; and (5) unlawful deductions from delivery drivers' wages in violation of Cal. Lab.

---

[2]   Courts have allowed Plaintiffs to proceed on PAGA claims even when their claims are filed prior to the exhaustion of the 65-day LWDA waiting period. See, e.g., Magadia v. Wal-Mart Assoc., Inc., 2018 WL 2573585, *6 (N.D. Cal. May 11, 2018); Bradescu v. Hillstone Rest. Grp., Inc., 2014 WL 5312546, at *10 (C.D. Cal. Sept. 18, 2014), order confirmed, 2014 WL 5312574 (C.D. Cal. Oct. 10, 2014).

Code §§ 221, 224.

## COUNT I
**Expense Reimbursement Violation**
**Cal. Labor Code § 2802**

37. Deliv's conduct, as set forth above, in misclassifying Deliv couriers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code Section 2802. This claim is brought on behalf of similarly situated individuals who have worked for Deliv in California.

## COUNT II
**Willful Misclassification**
**Violation of Cal. Lab. Code § 226.8**

38. Deliv's conduct, as set forth above, in continuing to classify couriers as independent contractors notwithstanding the California Supreme Court's decision in <u>Dynamex Operations, Inc., v. Superior Court</u>, No. S222732, 2018 WL 1999120 (Cal. Apr. 30, 2018), which makes clear that couriers are employees under California law, violates Cal. Lab. Code §226.8 and constitutes willful misclassification. This claim is brought on behalf of a class of similarly situated individuals who have worked for Deliv in California.

## COUNT III
**Minimum Wage**
**Cal. Labor Code §§ 1197, 1194**

39. Deliv's conduct, as set forth above, in failing to pay its employees minimum wage for all hours worked as required by California law, violates Cal. Lab. Code §§ 1197 and 1194. This claim is brought on behalf of a class of similarly situated individuals who worked for Deliv in California.

## COUNT IV
### Unfair Business Practices
**Violation of Cal. Bus. & Prof. Code § 17200,** *et seq.*

40. Deliv's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"). Deliv's conduct constitutes unlawful business acts or practices, in that Deliv has violated California Labor Code §§ 2802, 1194, 1197, and 226.8. As a result of Deliv's unlawful conduct, Plaintiffs and class members suffered injury in fact and lost money and property, including, but not limited to business expenses that couriers were required to pay and wages that couriers were due. Pursuant to California Business and Professions Code § 17203, Plaintiff and class members seek declaratory and injunctive relief for Deliv's unlawful conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and class members who worked for Deliv are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

## COUNT V
### Overtime
**Cal. Labor Code §§ 1198, 510, and 554**

41. Deliv's conduct, as set forth above, in failing to pay its employees the proper overtime premiums for all hours worked beyond eight per day and forty per week as required by California law, violates Cal. Lab. Code §§ 1198, 510, and 554. This claim is brought on behalf of a class of similarly situated individuals who worked for Deliv in California.

## COUNT VI
### Unlawful Deductions
**Cal. Labor Code §§ 221, 224**

42. Deliv's conduct, as set forth above, in requiring couriers to cover the cost of mandatory background checks and deducting those costs directly from their wages, violates Cal.

11
SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT

Lab. Code §§ 221, 224.  This claim is brought on behalf of a class of similarly situated individuals who worked for Deliv in California.

## COUNT VII
## Private Attorney General Act
## Cal. Labor Code §§ 2699, *et seq.*, 2753

43. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein. Plaintiffs are aggrieved employees as defined by Cal. Lab. Code § 2699(c) as they were employed by Deliv during the applicable statutory period and suffered injury as a result of Deliv's Labor Code violations. Accordingly, Plaintiffs seek to recover on behalf of the State of California, as well as themselves and all other current and former aggrieved employees of Deliv who have worked in California, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

44. Deliv couriers are entitled to penalties for Deliv's violations of Cal. Lab. Code §§ 2802, 226.8 1194, 1197,1198, 510, and 554 as set forth by Cal. Lab. Code § 2699(f) and § 558. Plaintiff seeks civil penalties pursuant to PAGA for (1) failure to reimburse delivery driver employees for all necessary expenditures incurred in performing their duties, including but not limited to owning or leasing and maintaining their vehicles, fuel, phones, and data, in violation of Cal. Lab. Code § 2802; (2) the willful misclassification of delivery workers as independent contractors in violation of Cal. Lab. Code § 226.8; (3) failure to assure that all delivery workers received at least the applicable minimum wage for all hours worked in violation of §§ 1194 and 1197; (4) failure to assure that all delivery drivers received the appropriate overtime premium for all overtime hours worked beyond forty per week or eight hours per day in violation of Cal. Lab. Code §§ 1194, 1198, 510, and 554; and (5) unlawful deductions from delivery drivers' wages in violation of Cal. Lab. Code §§ 221, 224.

45. Cal. Lab. Code § 2699(f) provides for civil penalties for violation of all Labor

Code provisions for which no civil penalty is specifically provided. There is no specified civil penalty for violations of Cal. Lab. Code § 2802. With respect to violations of Labor Code § 226.8, Cal. Lab. Code § 226.8(b) imposes a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation. With respect to minimum wage violations under Cal. Lab. Code §§ 1197 and 1194, § 1197.1 imposes a civil penalty in addition to any other penalty provided by law of one hundred ($100) for each underpaid employee for each pay period for which the employee is underpaid in addition to an amount sufficient to recover underpaid wages and liquidated damages, and, for each subsequent violation of Labor §§ 1197 and 1194, two hundred and fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid in addition to an amount sufficient to recover underpaid wages and liquidated damages.  With respect to overtime violations under Labor Code §§ 510 and 558, the statute imposes a civil penalty in addition to any other penalty provided by law of fifty dollars ($50) for initial violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages, and one hundred dollars ($100) for subsequent violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. With respect to unlawful deductions violations under Cal. Lab. Code §§ 221, 224, § 225.5 imposes a civil penalty of one hundred dollars ($100) for each failure deduction from each employee's wages and two hundred ($200) for each subsequent violation.

46. Plaintiff Lawson complied with the notice requirement of Cal. Lab. Code §2699.3 and served a written notice to the California Labor & Workforce Development Agency ("LWDA") through its website's online filing portal, and on Defendant Deliv via Certified Mail, return receipt requested, on April 10, 2017, regarding Deliv's misclassification of its workers and violations of Cal. Labor Code §§ 2802, 1194, & 1197.  He served an amended notice on July 25,

2018, by the same means, which included allegations of violation of Cal. Labor Code § 226.8 for willful misclassification and §§ 221, 224 for unlawful deductions. It has been 65 days or more since the LWDA was notified of the original Labor Code violations asserted in this Complaint, and the LWDA has not provided any notice that it will or will not investigate the alleged violations. Likewise, it will be 65 days or more since the LWDA was notified of the willful misclassification allegations in Plaintiff Lawson's notice as of September 28, 2018.

47. Furthermore, Plaintiff Albert complied with the notice requirement of Cal. Lab. Code § 2699.3 and served a written notice to the California Labor & Workforce Development Agency ("LWDA") through its website's online filing portal, and on Defendant Deliv via Certified Mail, return receipt requested, on August 14, 2018 of violations of Cal. Labor Code §§ 2802, 1194, 1197, 226.8. It will be 65 days or more since the LWDA was notified of the allegations in Plaintiff Albert's notice as of October 18, 2018. He also amended his PAGA letter as of September 10, 2018, to include overtime violations pursuant to Cal. Labor Code §§ 510 and 558. It will be 65 days or more since the LWDA was notified of the allegations in Plaintiff Albert's notice as of November 14, 2018.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

a. Declare and find that the Defendant has violated the UCL and Cal. Lab. Code §§ 2802, 1194, 1197, 1198, 221, 224, 510, 554, 558 and 226.8;

b. Certify a class action under Count I through VI and appoint Plaintiffs Raef Lawson and Joshua Albert and their counsel to represent a class of Deliv couriers who have worked in California;

c. Recovery of all penalties (including, but not limited to, pursuant to Cal. Lab. Code §558) that may be imposed against Defendants under the Private Attorney General Act ("PAGA"), Cal. Lab. Code §2699, *et seq*.;

d. Award compensatory damages, including all expenses and wages owed, in an amount according to proof;

e. Award pre- and post-judgment interest;

f. Award reasonable attorneys' fees, costs, and expenses;

g. Issue a public injunction in the form of an order requiring Defendant to comply with the California Labor Code; and

h. Any other relief to which Plaintiffs and the class may be entitled.

Respectfully submitted,

RAEF LAWSON and JOSHUA ALBERT, individually, and on behalf of all others similarly situated,

By their attorney,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com

Dated:       September 19, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served by electronic filing on September 19, 2018, on all counsel of record.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan