Shannon Liss-Riordan (State Bar No. 310719)
 sliss@llrlaw.com
**Lichten & Liss-Riordan, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    +1 617 994-5800
Facsimile:    +1 617 994-5801

Attorneys for Plaintiffs
RAEF LAWSON and JOSHUA ALBERT

Michael E. Brewer (State Bar No. 177912)
 michael.brewer@bakermckenzie.com
Billie D. Wenter (State Bar No. 235193)
 billie.wenter@bakermckenzie.com
**Baker & McKenzie LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111-3802
Telephone: +1 415 576 3000
Facsimile:  +1 415 576 3099

Attorneys for Defendant
DELIV, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEF LAWSON and JOSHUA ALBERT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DELIV, INC.,<br><br>Defendant. | Case No. 3:18-cv-3632-VC<br><br>**PLAINTIFFS' AND DEFENDANT'S 1) REQUEST FOR TELEPHONIC CONFERENCE AND 2) [PROPOSED] STIPULATED ORDER FOR DISMISSAL WITH PREJUDICE OF PLAINTIFFS' INDIVIDUAL CLAIMS, AND DISMISSAL WITHOUT PREJUDICE AS TO THE PUTATIVE CLASS CLAIMS AND REPRESENTATIVE CLAIM** |

The Parties hereto, Plaintiffs, Raef Lawson ("Lawson") and Joshua Albert ("Albert") (collectively, "Plaintiffs"), and Defendant, Deliv, Inc. ("Defendant"), by and through their respective counsel of record, stipulate as follows:

**RECITALS**

1. WHEREAS, on May 15, 2018, Plaintiff Lawson filed the above-captioned lawsuit ("the Action") in the Superior Court of California, County of San Francisco. The Action asserts putative class employment-related claims and a representative claim for civil penalties under California's Private Attorneys General Act ("PAGA").

2. WHEREAS, on June 18, 2018, Defendant removed the Action to the United States District Court for the Northern District of California (Dkt. 1).

3. WHEREAS, on September 19, 2018, Lawson filed a Second Amended Complaint adding Joshua Albert as a Plaintiff (Dkt. 31). The Second Amended Complaint asserts putative class claims for (1) failure to reimburse business expenses (Cal. Lab. Code § 2802), (2) willful misclassification (Cal. Lab. Code § 226.8), (3) failure to pay minimum wage (Cal. Lab. Code §§ 1197, 1194), (4) Unfair Business Practices (Cal. Bus. & Prof. Code §17200), (5) failure to pay overtime (Cal. Lab. Code § 1198, 510, and 554), and (6) unlawful deductions (Cal. Labor Code § 221, 224). The Second Amended Complaint also asserts a representative claim for civil penalties under the California Private Attorneys General Act of 2004 (Cal. Labor Code §§ 2699), based on the same alleged Labor Code violations as the putative class claims. The gravamen of this Action is Plaintiffs' allegation that Defendant misclassified them as independent contractors rather than employees.

4. WHEREAS, Defendant vigorously denies all of Plaintiffs' allegations, both on factual and legal bases.

5. WHEREAS, the Parties have engaged in substantial settlement negotiations and discussions, including at a private mediation in San Francisco on October 23, 2018, before Mediator Michael Dickstein (a respected mediator who has wide experience with

misclassification Labor Code cases in California), during which they exchanged information for purposes of analyzing and determining the respective merits of each party's position regarding the Action, as well as potential damages. Plaintiffs were also provided with financial information regarding Defendant's business, which allowed them to assess Defendant's ability to pay a classwide monetary settlement.

6. WHEREAS, the Parties engaged in settlement negotiations through their respective attorneys: Shannon Liss-Riordan of Lichten & Liss-Riordan, P.C., and Michael E. Brewer and Billie D. Wenter of Baker & McKenzie LLP, all of whom are experienced employment lawyers and employment law practitioners.

7. WHEREAS, on November 14, 2018, after continued settlement negotiations following mediation, the Parties reached agreement on the terms of settlement to resolve this Action and dismiss the individual Plaintiffs' claims with prejudice and the putative class and representative claims without prejudice.

8. WHEREAS, Plaintiffs and Plaintiffs' counsel concluded that, after taking into account various matters, including Defendant's finances (including its ability to pay a classwide settlement), as well as the ongoing legal disagreements the parties have in this case (including the question of the applicability and enforceability of Deliv's arbitration agreement for the putative class in this case), the settlement is in the best interest of all interested parties.

9. WHEREAS, the parties request a telephonic conference with the Court to further advise the Court of the terms of the parties' settlement.

10. WHEREAS, the settlement agreement between Plaintiffs and Defendant does not resolve any class claims of putative class members or representative claims of other alleged aggrieved employees under the PAGA.

11. WHEREAS, no class member will be prejudiced if Plaintiffs' class and representative claims are dismissed without prejudice. There has been no publicity regarding this case, and no putative class members were contacted via class notice or private notice. Plaintiffs' counsel has not received any inquiries about this case from putative class members.

As such, it does not appear that any putative class members are relying on this action to pursue claims against Defendant, nor is it necessary to provide the putative class with any notice regarding this dismissal. However, Plaintiffs' counsel will inform any putative class member who might contact counsel about this case about its dismissal.

**STIPULATION**

Accordingly, the Parties jointly request that:

- the Court set a telephonic conference to further advise the Court of the terms of the parties' settlement and that, following the conference, the Court enter the proposed Order by which:
- the Court dismisses this Action with prejudice as to Plaintiffs' individual claims set forth in the Action, including Plaintiffs' individual claims for civil penalties under PAGA;
- the Court dismisses this Action without prejudice as to the putative class claims and the representative PAGA claim as it relates to any allegedly aggrieved individual other than Plaintiffs; and
- the Court orders that each party is to bear his/its own costs and attorneys' fees to achieve the dismissal.

IT IS SO STIPULATED.

Dated: December 7, 2018						LICHTEN & LISS-RIORDAN, P.C.


							By:./s/ Shannon Liss-Riordan
								Shannon Liss-Riordan
								Attorneys for Plaintiffs
								RAEF LAWSON and JOSHUA ALBERT


							BAKER & McKENZIE LLP


							By:/s/ Michael E. Brewer
								Michael E. Brewer
								Attorneys for Defendant
								DELIV, INC.

## **ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I, Shannon Liss-Riordan, hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: December 7, 2018						By:  /s/ Shannon Liss-Riordan

**[PROPOSED] ORDER**

Upon review of the foregoing stipulation entered into by and between the parties in the above-referenced action, and good cause appearing therefor, IT IS HEREBY ORDERED that the foregoing stipulation is hereby approved. Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Court hereby dismisses with prejudice Plaintiffs' individual claims, including Plaintiffs' claims for civil penalties under PAGA, and dismisses without prejudice the putative class claims and the representative PAGA claim as it relates to any allegedly aggrieved individual other than Plaintiffs.

Dated: December 19, 2018

_____
UNITED STATES DISTRICT JUDGE

GRANTED
Judge Vince Chhabria